## LARY vs. LEWIS.

EQUITY, FROM HANCOCK. Contracts. Rents. Mesne Profits. Practice in Supreme Court. Practice in Superior Court. (Before Judge Lumpkin.)

Blandford, J.—An owner of land was indebted to several persons about fourteen hundred dollars, and one of his creditors agreed with him that, if the debtor would make him a deed to certain land, he would take up the indebtedness and give time to the debtor to repay it, and that he would reconvey the land to the debtor when the latter paid the fourteen hundred dollars. The debtor made the deed, but the creditor refused to comply with his part of the bargain. He took possession of the land and held it during the years 1882, 1883, 1884, 1885. In the year 1882 he received only $150 for the land, but it was worth $250 per annum. The creditor testified that he was willing to make a deed, if the debtor would pay him the fourteen hundred dollars. The jury found that a title be made upon payment of $470, which was reached by deducting from the total amount due the creditor $250 per annum for the land:

Held, that only $150 should have been charged for rent for the year 1883, which would make the sum to be paid in order to obtain a title $570. If the defendant in error will amend the decree so as to make that the amount to be paid, the judgment will be affirmed; otherwise it will be reversed.

(a) This case was tried upon the evidence, without reference to the pleadings, and a new trial was asked upon the ground alone that the verdict was not supported by the evidence.

Judgment affirmed on condition.

Jordan & Lewis; C. W. DuBose; Harrison & Peeples, for plaintiff in error.

Reese & Little, for defendant.